UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMER JAAFAR,

     Plaintiff,

v.                                  Case No. 16-11167
                                     HON. DENISE PAGE HOOD

HOME DEPOT USA, INC.,

     Defendant.

_____/

## ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT [#14]

## I.    INTRODUCTION

On June 29, 2017, Defendant filed a Motion for Summary Judgment. [Dkt. No. 14] The Motion has been fully briefed. The Court, having concluded that the decision process would not be significantly aided by oral argument, previously ordered that the motion be resolved on the motion and briefs submitted by the parties. E.D. Mich. L.R. 7.1(f)(2). [Dkt. No. 18]   For the reasons that follow, the Court grants Defendant's Motion for Summary Judgment.

## II.    BACKGROUND

Plaintiff has lived in Michigan most of his life and is familiar with Michigan weather. (Dkt. No. 14, Ex. 2 at 34-37). On November 17, 2014, Plaintiff slipped on a patch of black ice in the parking lot of Defendant's Dearborn, Michigan store.

Plaintiff slipped as he exited his vehicle at approximately 8:04 a.m., resulting in serious back injuries.

At his deposition, Plaintiff testified that "[w]hen I was driving in[,] I noticed a few areas of ice . . ." *Id.* at 32. Plaintiff noticed "different areas of ice patches around, um, shiny areas on the ground too . . ." *Id.* Plaintiff also testified (moments later) that, as he drove from his home to the store, he "[did]n't recall" there being any snow or ice on the ground but that the weather was "a little gloomy." (Dkt. No. 16, Ex. 1 at 33). When he pulled into Defendant's parking lot, it was "ten to fifteen" percent full, *id*. at 75, and "it was light enough where you didn't need [head]lights" – "daylight" but not "full daylight" because it was gloomy. *Id.* at 33-34. Plaintiff stated that he did not notice any ice as he pulled into his parking space, and it was only when he was getting up from his fall that he noticed any ice. *Id*. at 48. Photographs taken by Plaintiff approximately 30 minutes after Plaintiff fell show: (1) snow on Plaintiff's vehicle, the ground and the roof of Defendant's building; and (2) ice in the parking lot next to his vehicle, where he had fallen. (Dkt. No. 14, Ex. 6 (especially Deposition Exhibits B, F, G, I, and J)).

Data from the U.S. Department of Commerce, National Oceanic & Atmospheric Administration ("NOAA") show that: (a) temperatures had warmed above freezing in the 24 hours prior to the incident but dropped below freezing at the time of the

incident; and (b) frozen and liquid precipitation had fallen in the Dearborn area during the 24 hours preceding the incident. (Dkt. No. 14, Ex. 3-5).

## III.  APPLICABLE LAWS & ANALYSIS

## A.  Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenth Radio Corp.,* 475 U.S. 574, 586 (1986) ; *Celotex Corp. v. Caterett,* 477 U.S. 317, 323-24 (1986). Summary Judgement must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no

genuine issue as to any material face," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.,* 477 U.S. at 322-23. A court must look at the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**B.    Analysis**

In this premises liability action, Plaintiff has alleged that Defendant negligently failed to maintain its parking lot free of black ice.  To prevail on a premises liability action, a plaintiff must prove the following elements of negligence: (1) the defendant owed a duty; (2) the defendant breached that duty; (3) an injury proximately resulted from that breach; and (4) the plaintiff suffered damages. *Benton v. Dart Properties, Inc.,* 270 Mich. App. 437, 440 (2006); *Taylor v. Laban,* 241 Mich. App. 449, 452 (2000).  "[T]he existence of a legal duty is a question of law for the court to decide." *Anderson v. Wiegand*, 223 Mich.App. 549, 554 (1997). "Unless the defendant owed a duty to the plaintiff, the analysis cannot proceed further." *Bell & Hudson, PC v. Buhl Realty Co.,* 185 Mich. App. 714, 717 (1990).

A premises possessor is not an absolute insurer of the safety of its invitees. *Quinlivan v. The Great Atlantic & Pacific Tea Co., Inc.,* 395 Mich. 244 (1975). However, a premises possessor does owe "a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous

condition on the land." *Lugo v. Ameritech Corp., Inc.,* 464 Mich. 512, 516 (2001).

There is no duty to protect an invitee against dangerous conditions that are open and

obvious dangers, unless special aspects of a condition make even an open and obvious

risk unreasonably dangerous. *Watts v. Michigan Multi–King, Inc,* 291 Mich. App. 98,

102 (2010).[1]  The test to determine if a danger is open and obvious is whether an

average user of ordinary intelligence would have been able to discover the danger and

the risk presented upon casual inspection. *Mann v. Shusteric Enterprises, Inc,* 470

Mich. 320, 328 (2004); *Joyce v. Rubin,* 249 Mich. App. 231, 238 (2002).

In *Scott v. Kroger*, 2010 WL 3184488 (Mich. Ct. App. Aug. 12, 2010), the court

stated:

> Under the open and obvious doctrine, when a plaintiff is a business
> invitee, the premises owner has a duty to use reasonable care to protect
> the plaintiff from dangerous conditions. *Bertrand v. Alan Ford, Inc.*, 449
> Mich. 606, 612-613, 537 N.W.2d 185 (1995). "However, where the
> dangers are known to the invitee or are so obvious that the invitee might
> reasonably be expected to discover them, an invitor owes no duty to
> protect or warn the invitee unless he should anticipate the harm despite
> knowledge of it on behalf of the invitee." *Id.* To determine whether a
> danger is open and obvious, the courts consider "whether an average user
> with ordinary intelligence would have been able to discover the danger
> and the risk presented upon casual inspection." *Joyce v. Rubin*, 249
> Mich.App. 231, 238, 642 N.W.2d 360 (2002). Courts do not consider

---

[1]Plaintiff does not contend that there was any special aspect that created an unreasonable
risk of harm despite the condition being open and obvious. *Lugo*, 464 Mich. at 517 ("if special
aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises
possessor has a duty to undertake reasonable precautions to protect invitees from that risk.").
Accordingly, the Court does not address that issue.

whether a specific plaintiff knew or should have known about the dangerous condition, but whether the danger would be foreseeable to a reasonable person in the plaintiff's position. *Id.*

*Id*. at \*1.  The Michigan Supreme Court has stated:

Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection.  This is an *objective standard*, calling for an examination of "the objective nature of the condition of the premises at issue."

*Hoffner v. Lanctoe*, 492 Mich. 450, 461 (2012) (citations omitted) (emphasis in original).

Defendant argues that the ice Plaintiff slipped on was open and obvious because it was visible upon casual inspection and because there were indicia of a potentially hazardous condition.  Defendant relies on Plaintiff's statements that he had noticed ice in some areas on the drive to Defendant's store, that he had seen ice when he stood up after falling, and that Plaintiff noticed ice and shiny/damp areas on the pavement as he drove out of Defendant's parking lot.  Defendant also relies on the photographs Plaintiff took that showed ice where he fell, snow on vehicles in Defendant's parking lot (including Plaintiff's) and the ground and the roof of Defendant's store, the fact that it had snowed four of the previous five days (including the preceding day), and that the temperature was below freezing at the time of the incident – after temperatures had been above freezing the day before.

Plaintiff argues that there is no evidence that would give rise to the conclusion that, as a matter of law: (1) the black ice in Defendant's parking lot would have been visible on casual inspection before the fall; or (2) other indicia existed to put him on notice of a potentially hazardous condition in Defendant's parking lot.  Plaintiff relies on his testimony that: (a) he "[did]n't recall" the presence of snow or ice on his way to Defendant's store (Dkt. No. 16, Ex. 1 at 33); (b) as he pulled into his parking spot, he did not notice ice on the ground, *id.* at 79; and (c) he only noticed some ice on the ground as he got help standing after his fall. *Id.* at 48.

Plaintiff cites a number of cases to suggest that because there were only some indicia of icy or slippery conditions (but not other indicia of icy or slippery conditions identified in each of those cases), there is a question of fact whether the presence of black ice in Defendant's parking lot was open and obvious.  Plaintiff argues that he fell going into the store and did not testify that there was "quite a bit of ice" on the ground, unlike the plaintiff in *Harris v. CW Financial Servs.*, 2017 WL 104572 (Mich.Ct.App. Jan. 10, 2017), who fell in the parking lot after going into the defendant's store and testified that there was "quite a bit of ice" on the ground.  Plaintiff also suggests that, as in *Slaughter v. Blarney Castle Oil Co.*, 281 Mich.App. 474, 481 (2008), ice was not readily discernable even after the fall.  Plaintiff argues that the weather records in this case do not indicate "the presence of any significant

precipitation" (1/10th inch of precipitation in the previous 24 hours), unlike in *Kalosis v. Woods of Livonia Assoc.*, 2017 WL 1034430 (Mich.Ct.App. Mar. 16, 2017), where at least two inches of snow had fallen the previous day, the complex management had plowed and salted the premises near the plaintiff's carport, the plaintiff had put on shoes with nonskid shoes because of the weather, and the plaintiff had noticed snow and ice o the way to his car.

The Michigan Supreme Court has addressed the issue of black ice in Michigan on numerous occasions, holding that:

> [T]he governing precedent established in *Slaughter v. Blarney Castle Oil Co.*, 281 Mich.App. 474, 483, 760 N.W.2d 287 (2008), . . . renders alleged "black ice" conditions open and obvious when there are "indicia of a potentially hazardous condition," including the "specific weather conditions present at the time of the plaintiff's fall." Here, the slip and fall occurred in winter, with temperatures at all times below freezing, snow present around the defendant's premises, mist and light freezing rain falling earlier in the day, and light snow falling during the period prior to the plaintiff's fall in the evening. These wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection. *Novotney v. Burger King Corp. (On Remand)*, 198 Mich.App. 470, 475, 499 N.W.2d 379 (1993).

*Janson v. Sajewski Funeral Home, Inc.*, 486 Mich. 934, 935 (2010). The Court finds that the facts of this case establish that the ice upon which Plaintiff fell was visible and could be seen upon casual inspection. The Court also finds that there was sufficient indicia that icy conditions were present.

First, Plaintiff has lived in Michigan for most of his life and is familiar with

Michigan weather. *See, e.g., Kaseta v. Binkowski*, 480 Mich. 939 (2007) (reversing the court of appeals' decision by adopting the dissenting opinion from the court of appeals decision, which concluded that black ice was open and obvious where, among other things, the plaintiff was a lifelong Michigan resident who had considerable experience with Michigan weather); *Buhalis v. Trinity Continuing Care Servs.*, 296 Mich.App. 685, 695 (2012) (finding open and obvious condition because, among other things, "at the time of her fall, [plaintiff] had lived through 85 Michigan winters."); *Hoffner*, 492 Mich. at 454 (2012) ("Michigan, being above the 42nd parallel of north latitude, is prone to winter. And with winter comes snow and ice accumulations on sidewalks, parking lots, roads, and other outdoor sources. Unfortunately, the accumulation of snow ice, and other slippery hazards on the surfaces regularly traversed by the citizens of this state results in innumerable mishaps and injuries each year.")

Second, Plaintiff testified that he saw this ice when he got up from his fall and that he saw snow and ice driving to and from Defendant's store. *Janson*, 486 Mich. at 935. The photographs taken by Plaintiff shortly after he fell show: (a) the patch of ice upon which Plaintiff slipped and fell (*i.e.*, the patch of ice was visible); (b) snow and possibly ice on Plaintiff's vehicle and the vehicle next to his; and (c) snow and possibly ice on the ground and roof of Defendant's store. *Janson*, 486 Mich. at 935.

Third, the climate information from the NOAA shows that: (1) in the 24 hours before the incident occurred, temperatures had been above freezing at some point but later fell below freezing; (2) the temperature was below freezing when the incident occurred; and (3) there had been both liquid and frozen precipitation in the 24 hours prior to the incident. *See, e.g., Buhalis*, 296 Mich.App. at 695 ("Evidence showed that it rained and snowed the day before plaintiff's fall. Though temperatures rose during the night before the incident, [plaintiff] admitted that after she fell she could see the patch of ice on which she slipped, and Mr. Shock testified that when he went to move [plaintiff's] trike after her fall the ice on the patio was evident. Further, at the time of her fall, [plaintiff] had lived through 85 Michigan winters.").

The Court concludes that there is an absence of a genuine dispute of material fact that Defendant owed Plaintiff a duty under the undisputed circumstances of this case, as the ice upon which Plaintiff fell was open and obvious. The Court grants Defendant's motion for summary judgment.

## IV . CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Defendant's Motion for Summary Judgment [#14] is **GRANTED**. Judgment shall be entered accordingly.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: December 19, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager